IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 119-099 |
| | ) | |
| JIMMY DEMARCUS WILBURN | ) | |

**ORDER**

After a careful, *de novo* review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed.

Defendant's deadline to file pretrial motions expired on August 28, 2019. (See doc. no. 15.) Defendant filed his motion to suppress nearly two months later on October 17, 2019. (Doc. no. 20.) By Order dated October 24, 2019, the Magistrate Judge ordered Defendant to show good cause for the substantial delay in filing the suppression motion on or before October 31, 2019. (Doc. no. 22.) Defendant failed to submit any responsive pleading, and the Magistrate Judge thus recommended summary denial of the suppression motion as untimely on November 4, 2019. (Doc. no. 23.)

Seven days after entry of this recommendation and eleven days after the show cause deadline expired, Defendant filed a responsive pleading attempting to show good cause. (Doc. no. 25.) Defense counsel blames both instances of failing to comply with court deadlines on "internal office confusion" and the alleged "failure" of his office staff "to provide the undersigned with the court's orders." (Id.) Defense counsel avers the suppression motion "was prepared the day the Defendant was arrested by federal agents and

was available for filing along with a brief which was updated and the same was not filed." (Id.) Defense counsel mistakenly believed or assumed his office staff had filed the suppression motion before the pretrial motions period expired. (Id.) Defense counsel concedes "the internal problems in [his] office do not excuse the undersigned's failure." The Court agrees. (Id.)

Defense counsel should have realized quickly his office staff never filed the suppression motion because it never appeared on the docket, the government never filed an opposition brief, and the Court never scheduled a motions hearing as the arraignment order contemplated. (See doc. no. 15.) Further, on September 18, 2019, the Court entered a notice of hearing to set this case for trial on October 21, 2019 because no motions were filed by the deadline. (Doc. no. 16.) Even then, defense counsel supposedly did not notice his error until October 8, 2019, when he filed a motion to continue trial and stated he needed "additional time to work on" a suppression motion. (Doc. no. 17.) This statement directly conflicts with defense counsel's present assertion the suppression motion was "was prepared the day the Defendant was arrested by federal agents and was available for filing along with a brief which was updated and the same was not filed." (Doc. nos. 17, 25.)

Defendant has failed to establish good cause for the substantial delay in filing the suppression motion. "No good cause exists if 'the defendant had all the information necessary to bring a [suppression] motion before the date set for pretrial motions, but failed to file it by that date.'" United States v. Curbelo, 726 F.3d 1260, 1267 (11th Cir.2013) (quoting United States v. Seher, 562 F.3d 1244, 1359 n. 15 (11th Cir. 2009)). Defendant concedes the information necessary to file the motion was available at the time of Defendant's arrest and weeks in advance of the pretrial motions deadline. (Doc. no. 25.)

2

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** Defendant's motion to suppress. (Doc. no. 20); see United States v. Vanholten, 542 F. App'x 776, 778-79 (11th Cir. 2013) (approving denial of motion to suppress as untimely where defendant failed to show good cause for delay); United States v. Cox, 281 F. App'x 943, 944-45 (11th Cir. 20008) (approving denial of motion to suppress as untimely).

SO ORDERED this 26th day of November, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA